IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DREWS and INVIRION DIAGNOSTICS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>BRUCE PATTERSON,<br><br>    Defendant. | No.<br>FILED: MAY 8, 2009<br>09CV2844<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE NOLAN<br>AO |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiffs, John Drews and Invirion Diagnostics LLC, by and through their attorneys, John Y. Lee, William Yu and Jennifer Riccolo DeBower, and for their Complaint for Declaratory Judgment and Other Relief against the Defendant, Bruce Patterson, state as follows:

### PARTIES

1.    The Plaintiff, John Drews (hereinafter referred to as "Drews"), is a resident of Illinois.

2.    Drews is a co-managing member of Invirion Diagnostics LLC ("ID"), which is an Illinois limited liability corporation with its principal place of business in Illinois.

3.    Bruce Patterson (hereinafter "Patterson") is a resident of California, and is also a co-managing member of ID.

4.    ID is in the business of selling medical technology that detects and monitors viruses.

### JURISDICTION AND VENUE

5.    Jurisdiction is founded on 28 U.S.C. § 1332, in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, in that a substantial part of the acts giving rise to this action occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Patterson is an inventor who invented and sought various medical patents, including, but not limited to patents for the early detection of the HPV virus and the HIV virus.

8. Drews represented Patterson in a licensing regarding these patents between Patterson and his former business associates.

9. That dispute settled, and Patterson and Drews created ID and decided to do business together. Patterson and Drews created ID for that purpose.

10. Drews and Patterson became co-managing members of ID.

11. Patterson agreed to bring his scientific, technical and marketing talents and assets to ID.

12. Drews agreed to bring business, financial and legal talents and assets to ID.

13. Patterson brought his HPV and HIV patents to ID.

14. As a result of Patterson and Drew's agreement to co-manage and co-own ID, Drews wound down his law practice to devote his time and energy to ID.

15. Patterson who had a position at Northwestern University when he resided in the Chicago area, and then at Stanford University, maintained his position at Stanford while co-managing ID with Drews.

16. The HPV and HIV patents which are jointly owned by Patterson and Drews through ID recently became very valuable, in excess of millions of dollars.

17. Most recently, in May 2009, Patterson claimed that the patents belong to him individually and has asked ID's patent counsel to abandon all patents with his name on them, including the patents that belong to ID.

## COUNT I
## BREACH OF CONTRACT

18. Drews re-alleges and adopts Paragraphs 1 through 17 above as Paragraphs 1 - 17 of Count I as if fully set forth herein.

19. Drews and Patterson expressly agreed that they would co-manage and co-own ID and the HPV and HIV patents.

20. Drews has fully performed his obligations under this agreement.

21. Patterson has breached the agreement in one or more of the following ways:

   a. By requesting ID's patent counsel to abandon ID's patent;

   b. By marketing ID's patent as if Patterson owned the patent individually;

   c. By usurping ID's corporate opportunity in connection to ID's patent; and

   d. By refusing to provide and share scientific, technical, customer, and market information and data in connection to ID's patent.

22. Drews and ID have been damaged by Patterson's breaches.

**WHEREFORE,** Plaintiff, John Drews, respectfully requests this Court to enter the following relief:

   a. Ordering the defendants to specifically perform by keeping the patents with Invirion Diagnostics LLC;

   b. Entering judgment in favor of plaintiff and against Patterson in an amount equal to the damages caused by the breach, such amount to be determined at the time of trial, plus interest and costs; and

      c.      Such other relief as the Court deems appropriate.

## COUNT II
## BREACH OF FIDUCIARY DUTY

23. Drews re-alleges and adopts Paragraphs 1 through above as Paragraph 22 of Count II as if fully set forth herein.

24. At all times relevant, pursuant to the partnership agreement and Illinois law, Patterson owed Drew and ID a fiduciary duty to exercise the utmost care and loyalty.

25. Patterson breached the fiduciary duties owed to Drews and ID in one or more of the following ways:

    a.    Patterson has requested to ID's patent counsel that one or more of the mutually owned patents applications be abandoned;

    b.    On information and belief, Patterson has begun to do business in connection with ID's patent and has solicited clients and contacts that are or should be doing business with ID;

    c.    Patterson has never sought Drew's consent to abandon the patents or do business under a different entity or usurping ID's corporate opportunity;

    d.    On information and belief, Patterson has wrongfully excluded Drews from participation in ID affairs, including but not limited to financial affairs arising out of Patterson's breach of fiduciary duty;

    e.    On information and belief, Patterson has refused to share equally in the profits of ID, or information and data in connection with scientific, technical or market for ID's patent.

26. The foregoing acts of Patterson are in violation of his fiduciary duty to his partner, Drews, and to ID. On information and belief, these violations continue to date and are on-going.

4

27. Due to Patterson's breaches of the fiduciary and other duties to Drews and ID, Drews and ID have been damaged.

**WHEREFORE**, Drews prays this Court to enter an order:

(1) Directing Patterson to cease unilateral decision-making without Drew's knowledge and consent involve the jointly owned HPV and HIV patents or any other decisions related to the operation of ID;

(2) Directing Patterson to cease doing business with assets owned by ID through an independent business entity in which Drews shares no interest; and

(3) Judgment in favor of Drews and ID for damages arising out of Patterson's breach of fiduciary duty.

## COUNT III
## DECLARATORY JUDGMENT

28. Drews re-alleges and adopts Paragraphs 1 through 27 above as Paragraph 28 of Count III as if fully set forth herein.

29. There is an actual controversy between the parties, in that the agreement to jointly manage ID has been breached and Patterson has unilaterally made decisions regarding the HPV and HIV patents without consulting Drews.

30. Patterson contends that the HPV and HIV patents are his; Drews and ID contend that the HPV and HIV patents are ID's.

31. Among other things, Patterson has directed ID's patent counsel to abandon the patent applications; Drews and ID have directed him not to.

32. An actual and ripe controversy exists as to the parties' rights and obligations in ID, the scope of the parties' and ID's rights in the HPV and HIV patents; and accounting.

**WHEREFORE**, the Plaintiff, John Drews, requests this Court to declare that:

5

(a) Patterson wrongfully breached his duties as co-member and co-member of ID and by attempting to have their jointly owned patents abandoned;

(b) that the HPV and HIV patents are owned by ID; and

(c) that all receivables and benefits of ID arising out of the HPV and HIV patents belong to ID.

## COUNT IV
## CONVERSION

33. Drews re-alleges and adopts Paragraphs 1 through 32 above as Paragraph 33 of Count III as if fully set forth herein.

34. On information and belief, Patterson through a separate entity in which Drews has no interest, has been and is marketing and selling rights and benefits arising out of the HPV and HIV patents that belong to ID.

35. Patterson has converted ID's HPV and HIV patents to his personal benefit.

36. Drews and ID have been damaged by Patterson's conversion of the HPV and HIV patents.

**WHEREFORE**, Drews and ID pray that this court enter judgment in their favor and against Patterson for damages arising out of Patterson's conversion.

## COUNT V
## ACCOUNTING

37. Drews re-alleges and adopts Paragraphs 1 through 36 above as Paragraph 37 of Count III as if fully set forth herein.

38. Drews is entitled to an accounting and/or audit of the used of the HPV and HIV patents by Patterson.

6

39.     Accordingly, Drews demand an accounting of any and all costs, expenditures, assets and liabilities, contracts, future income, and any other financial information in Patterson's possession or control arising out of his marketing or use of the HPV and HIV patents.

**WHEREFORE**, Drews and ID pray this court to enter an order:

a.      Directing Patterson to cease unilateral marketing, use, expenditure, solicitation, or sales arising out of ID's, assets including but not limited to the HPV and HIV patents;

b.      Directing Patterson to provide Drews and ID with the books, records and accounts in Patterson's possession or control in connection with his marketing, use or sale of ID's assets, including but not limited to the HPV and HIV patents;

c.      Providing full accounting; and

d.      Directing Patterson to cease unilateral marketing, use, or sale of ID's assets, including but not limited to the HPV and HIV patents, without Drews' consent.

Attorneys for Plaintiffs John Drews and Invirion Diagnostics, LLC

By:  HINSHAW & CULBERTSON LLP

s/William Yu

William Yu, Esq.
John Lee, Esq.
Jennifer Riccolo DeBower, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
Phone: 312-704-3082
Fax: 312-704-3001

6443021v1 2866