IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DREWS, INVIRION DIAGNOSTICS, LLC, and INVIRION SPAIN, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 2844 |
| v. | ) ) | Judge Robert W. Gettleman |
| BRUCE PATTERSON and INVIRION, INC., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs John Drews ("Drews"), Invirion Diagnostics, LLC ("ID"), and Invirion Spain, LLC ("IS")(collectively, "plaintiffs") have brought an eight count "First Amended Complaint for Declaratory Judgment and Other Relief" ("Amended Complaint") against defendants Dr. Bruce Patterson, M.D. ("Patterson") and Invirion, Inc. ("Invirion")(collectively, "defendants") alleging: (Count I) breach of contract with regard to the operation of two Illinois limited liability companies, as well as the patents, trademarks, and trade secrets owned by the companies; (Count II) breach of fiduciary duty; (Count III) patent infringement; (Count IV) unfair competition in violation of the Lanham Act and the making of fraudulent misrepresentations to the United States Patent and Trademark Office ("PTO"); (Count V) trade secret misappropriation; (Count VI) request for declaratory judgment regarding the ownership, control, management, and use of the limited liability companies, and the patents, trademarks, and trade secrets at issue; (Count VII) conversion; and, (Count VIII) a demand for an accounting of the defendants' uses of the patents, trademarks, and trade secrets.

Defendant Patterson has moved to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, Patterson has moved

to dismiss: the patent infringement claim for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1); the 15 U.S.C. § 1120 Lanham Act claim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); or, to stay this action pending resolution of his state claims filed in California.[1]

For the reasons stated below, this court grants the motion to dismiss the complaint.

## BACKGROUND

Dr. Patterson is the sole inventor of several patents for the early detection of the Human Papilloma Virus ("HPV") and the Human Immunodeficiency Virus ("HIV"). In 2000, Patterson established Invirion, a medical services company, to market HPV and HIV testing kits based on his patented methods. Plaintiff Drews, an attorney, acted as counsel in resolving certain legal matters related to Patterson's business.

On December 20, 2004, Patterson executed an "Assignment of Invention," by which Patterson assigned to Drews a thirty three percent interest in five patents and two pending patent applications in exchange for a payment of $40,000. That same day, Patterson and Drews signed a "Letter Agreement" expressing their mutual intent to form a new company that together they would co-own and co-manage. The Letter Agreement contained a provision stating that "Patterson and Drews will sell their Patents to [the new company] under a contract that will have performance requirements for [the new company] to reach."

In September 2005, Articles of Organization were filed establishing ID and IS as Illinois Limited Liability Companies to be co-managed by Patterson and Drews. Patterson and Drews now dispute their rights and obligations regarding these two businesses.

---

[1] *Patterson v. Drews*, No. 109-CV-143075, (Super. Ct. Cal. filed May 21, 2009).

On May 21, 2009, defendant Patterson filed a complaint in California state court seeking, among other claims, declaratory judgments to dissolve these two businesses and to re-establish sole ownership of his patents. Drews filed the instant action thirteen days earlier, on May 8, 2009, but withheld service of process until after he learned of Patterson's complaint. Drews' original complaint, with jurisdiction founded upon diversity of citizenship, asserted only state law claims and sought several remedies including a declaratory judgment that ID owned the patents in dispute. Faced with a motion to dismiss for a lack of complete diversity, on June 16, 2009, plaintiffs filed the Amended Complaint asserting federal question jurisdiction based on their added claims of patent infringement and Lanham Act violations. Defendant Patterson has now moved for dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[2]

## DISCUSSION

### I. Standard of Review

Rule 12(b)(1) motions to dismiss are premised as either facial or factual attacks on jurisdiction. *Publications Int'l., Ltd. v. Leapfrog Enter., Inc.*, 2008 WL 5142286 (N.D. Ill. Dec. 4, 2008). Facial attacks challenge the sufficiency of the pleadings, as compared to factual challenges wherein "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (emphasis in original). "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, . . . the movant is deemed to be challenging the factual basis

---

[2] The court notes that plaintiffs' counsel have violated this court's Standing Order and Local Rule 5.2.(c) by filing a brief that contains three pages of dense, single-spaced type without prior leave of court. Such artful evasion will not be tolerated in the future.

for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). In either case, the party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) issue. *United Phosphorus,* 322 F.3d at 946.

In the instant case, Patterson disputes the factual basis underlying plaintiffs' assertion of subject matter jurisdiction. The Seventh Circuit instructs that different methods of review apply to facial and factual challenges to a district court's subject matter jurisdiction. *See Id.* When presented with a facial challenge, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). In contrast, when presented with a factual challenge to jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital*, 572 F.3d at 443–44. In a factual Rule 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Bd. of Trs. of Pipe Fitters' Welfare Fund Local 597 v. Adams*, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

## II.     Count III – Patent Infringement

Count III of the Amended Complaint is a claim for patent infringement asserting jurisdiction under 28 U.S.C. § 1338(a). Defendant Patterson has challenged plaintiffs' standing to bring the patent infringement claim. Under controlling Federal Circuit law, "only the patent

4

owner or its assignee (including an exclusive licensee) has standing to bring an infringement suit." *Maclean-Fogg Co. v. Edge Composites, L.L.C.*, 2009 WL 1010426, at *2 (N.D. Ill., Apr. 14, 2009) (citing 35 U.S.C. §§ 100(d), 281; *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017–18 (Fed. Cir.2001)). "To invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised. Furthermore, this allegation of ownership must have a plausible foundation." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571–72 (Fed. Cir. 1997). In its analysis, "the court must consider as a whole the substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings." *Id*. at 1576.

Plaintiffs characterize Patterson's motion to dismiss as an effort to divest jurisdiction by reframing their patent infringement claim as a state contract claim. Citing *Air Prods. and Chem., Inc. v. Reichold Chem., Inc.*, 755 F.2d 1559 (Fed. Cir. 1985), they argue that Patterson's expected defense cannot divest jurisdiction and that jurisdiction is proper even if this court must initially resolve a contract dispute. In *Air Products*, patentee Air Products terminated Reichold's non-exclusive license due to an alleged breach of their agreement. Air Products then instituted suit alleging Reichold's continuing infringement subsequent to the termination. At issue, in light of Reichold's anticipated defense that the license termination was improper, was whether the case was one of contract or of patent infringement. The Federal Circuit held that subject matter jurisdiction existed even though the federal court had to resolve the state law contract issue prior to addressing the infringement question. *Id*. at 1563–64. In reaching its decision, the Federal Circuit determined that title to the patent was not at issue. *Id*. at 1563 n.6. Significantly, the

5

court premised its holding on the allegations in Air Products' complaint that, as a result of the license termination, it was the owner of the patent. *Id*. at 1563–64. Thus, there was no question that Air Products was the patent owner with standing to bring the claim.

In the instant action, plaintiffs contend that their assertions of ownership by assignment are sufficient to establish standing. Plaintiffs are mistaken, because they have failed to meet their burden to allege facts having a plausible basis to support their contention.

Plaintiffs' Amended Complaint points to the "Assignment of Invention" and to the "Letter Agreement" for support, although neither constitutes an assignment nor an exclusive license. The terms of the "Assignment of Invention" reflect that Patterson assigned a thirty three percent interest in his patents to Drews. A thirty three percent share in the patent rights is insufficient to establish standing. *See Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264–65 (Fed. Cir. 2007) ("Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners [as plaintiffs] to establish standing."). The "Letter Agreement" memorializes a contract between Patterson and Drews to establish a new company and to capitalize it, in part, by a future assignment of their respective shares in the patents. Their agreement to assign rights in the future does not constitute an assignment that establishes ownership by the plaintiffs. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1580–81 (Fed. Cir. 1991)(finding that an agreement to assign invention rights did not rise to the level of a present assignment necessary to convey legal title).

Plaintiffs allege that Patterson and Drews subsequently assigned their interests in the patents and patent applications to ID. However, plaintiffs fail to identify any written evidence that offers a plausible basis to support such an assignment. Patterson claims, without

6

contradiction, that "no such writing exists." Absent a writing, there can be no patent assignment. *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009)("The Federal Patent Act requires that all assignments of patent interest be in writing.")(citing 35 U.S.C. § 261).

Plaintiffs further inconsistently allege that the patents are "rightfully owned by ID," and that the patents are "jointly owned by Patterson and Drews through ID." Yet, plaintiffs' Amended Complaint also clearly acknowledges the underlying dispute of ownership between the parties. ("Patterson contends that the Technology is his; the Plaintiffs' [sic] contend that the technology belongs to ID and [IS]."). To resolve the dispute, plaintiffs seek a declaratory judgment that the patents are owned by ID and IS. Based on the facts alleged, however, this requested judicial relief must occur before plaintiffs can assert ownership.

After considering the complaint in its entirety, in addition to the evidence submitted by the parties, this court concludes that the suit is one premised on a dispute of ownership. Plaintiffs' assertions are factually insufficient to plausibly support the conclusion that they ever acquired the patent ownership rights by assignment. "[I]f plaintiff cannot in good faith allege such facts because, absent judicial intervention to change the situation, . . . the rights at issue are held by the defendant, federal court is not the place to seek that initial judicial intervention." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997)(finding insufficient factual allegations of ownership to support jurisdiction and permit recovery for patent infringement where the pleadings sought equitable relief to rescind a patent assignment agreement to establish clear title).

In the alternative, plaintiffs argue they are exclusive licensees of the patents with rights arising from the Assignment of Invention, the Letter Agreement, the parties' course of conduct

7

and dealings, in addition to their allegations that Patterson has admitted plaintiffs' ownership. This argument similarly fails because it lacks any assertion of written evidence of an exclusive license. *Enzo APA & Son, Inc. v. Geapag A.G.,* 134 F.3d. 1090, 1093–94 (Fed. Cir. 1998) (holding that a license must be in writing and cannot be oral or implied to confer standing).

Plaintiffs have failed to meet their burden to allege facts having a plausible foundation to demonstrate that, absent judicial intervention, they either own or are assigned the patent rights on which the infringement claim is premised. Accordingly, the claim of patent infringement (Count III) is dismissed, without prejudice, for lack of standing.

### III.  Count IV - Lanham Act Claims

Count IV of the Amended Complaint alleges acts of unfair competition in violation of the Lanham Act, in addition to an allegation of fraudulent representations to the PTO by defendants. Federal question jurisdiction is claimed under § 1331. Defendant Patterson has presented a factual challenge to plaintiffs' assertions of subject matter jurisdiction and moved to dismiss.

A claim satisfies federal jurisdiction under § 1331 when a substantial claim is founded directly on federal law. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001). Federal law defines a property interest in trademarks, but the ownership rights in that interest present a question of state law. *Country Mut. Ins. Co. v. Am. Farm Bureau Fed'n*, 876 F.2d 599, 601 (7th Cir. 1989). The Seventh Circuit cautions that a plaintiff may not "maneuver a case into or out of federal court at will by including or omitting federal aspects." *Int'l Armor*, 272 F.3d at 915. "[D]istrict courts can and should look past the pleading of federal claims to see whether, in reality, the only issues that matter are state law

8

issues." *Mindy's Rest., Inc. v. Watters*, 2009 WL 1606982, at *2–5 (N.D. Ill. June 9, 2009)(citing *Int'l Armor*, 272 F.3d at 914).

The Amended Complaint alleges, on information and belief, that defendants have misused plaintiffs' names and marks in violation of the Lanham Act, 15 U.S.C. § 1125. The Amended Complaint also asserts that plaintiffs have protectable rights in the Invirion trade name and other unregistered marks related to the marketing of HIV and HPV products and services. In support of their claim, they argue that "any person who believes that he or she is likely to be damaged by a prohibited act can bring a suit" under § 1125(a). *Specht v. Google, Inc.*, __ F. Supp.2d __, 2009 WL 2407749, at *7 (N.D. Ill. Aug. 3, 2009). "Courts, however, have interpreted 15 U.S.C. § 1125(a) to limit standing to persons who show 'proof of ownership of a proprietary right' or 'a reasonable interest to protect.'" *Id*.

In *International Armor*, the parties alleged violations of trademark law following the sale of a stretch limousine business. *Int'l Armor*, 272 F.3d 912. The court found that the pleadings simply "recharacterized" an ownership dispute "as a claim for redress under federal law." After concluding that the trademark claims were "entirely derivative," the court ruled that the case must be dismissed as an ownership dispute arising under the state law of contracts. *Id.* at 917.

In the instant action, like *International Armor*, resolution of the ownership dispute is dispositive of the Lanham Act claim. ID and IS sell products and services under the name "Invirion," and allege defendant Invirion's use of its own name is likely to cause confusion in the marketplace. ID and IS market products using the "ViroTect" and "OncoTect" marks, and allege that Invirion's use of these marks is also likely to cause confusion in the marketplace. However, defendants used the "Invirion," "ViroTect," and "OncoTect" marks for several years

9

before ID and IS were formed. Moreover, the products and services sold by ID and IS under these marks are based, at least in part, on the disputed patent ownership rights.

Plaintiffs fail to offer any factual support to plausibly establish that ID and IS acquired ownership rights in these marks or that Invirion relinquished its rights in these marks. Neither the Assignment of Invention nor the Letter Agreement references the marks in dispute. The facts alleged indicate only that ID and IS use these marks, as do the defendants. Clearly, the real issue here is determining who has the right to use these marks and who does not. That determination of ownership rights depends entirely on state law. Plaintiffs may not recharacterize their state law contract dispute as one arising under federal law. Accordingly, the unfair competition claim is dismissed for lack of subject matter jurisdiction.

Plaintiffs also allege that defendants made fraudulent representations to the PTO in the course of filing two separate applications for trademark registration. Plaintiffs allege injury as a result, and seek damages under the Lanham Act, 15 U.S.C. § 1120. It is undisputed, however, that the PTO has not yet adjudicated these applications. Claims under § 1120 require the registration to be procured, not merely applied for. *Country Mut. Ins. Co. v. Am. Farm Bureau Fed'n*, 876 F.2d 599, 600–01 (7th Cir. 1989). Until the PTO issues a registration, there is no case or controversy arising under § 1120. Consequently, this claim is dismissed as premature. *Id*.

Accordingly, Count IV is dismissed, without prejudice, for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the court grants defendants' motion to dismiss for lack of subject matter jurisdiction, and declines to exercise supplementary jurisdiction under 28 U.S.C. § 1367 for the remaining state law claims.

**ENTER:** October 27, 2009

_____
**Robert W. Gettleman
United States District Judge**